IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Anthony Tilman, | Case No. 3:10 CV 2606 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Dr. Ocah, | |
| Defendant. | |

*Pro se* Plaintiff Anthony Tilman filed this action under 42 U.S.C. § 1983 against Lucas County Jail Physician, Dr. Ocah. Plaintiff asserts that Defendant was deliberately indifferent to his serious medical needs. He seeks monetary damages.

**BACKGROUND**

Plaintiff's Complaint is very brief. He claims Defendant denied him treatment for diabetes mellitus from October 31, 2009 to December 2009. There are no other allegations in the Complaint.

**ANALYSIS**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 1997). For the reasons stated below, this action is dismissed pursuant to Section 1915(e).

Deliberate indifference to an inmate's serious medical needs constitutes a violation of the Eight Amendment's prohibition against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S.

97, 104 (1976). Although the Eighth Amendment's protections apply specifically to post-conviction inmates, the Due Process Clause of the Fourteenth Amendment operates to guarantee those same protections to pretrial detainees as well. *See Barber v. City of Salem, Ohio*, 953 F.2d 232, 235 (6th Cir. 1992).

The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. Plaintiff must first plead facts to demonstrate a sufficiently serious deprivation occurred. *Id.* The seriousness of the deprivation is measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). Routine discomforts of prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9. Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be based solely on negligence. *Id.* Defendant can only be held liable to Plaintiff if both the objective and subjective requirements of the Eighth Amendment claim are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

While diabetes mellitus is an arguably serious medical condition, Plaintiff has not alleged facts to suggest Defendant was deliberately indifferent to this condition. An official acts with deliberate indifference when he acts with criminal recklessness, a state of mind that requires a conscious disregard of a substantial risk of serious harm. *Id.* at 837. Plaintiff merely states he was denied

2

treatment. He has not alleged Defendant was aware of this condition or how he was denied medical care.

Under Federal Civil Rule 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Rule 8 does not require Plaintiff to provide detailed factual allegations, but it does demand more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* It must contain factual allegations that "state a claim to relief that is plausible on its face." *Id.* A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard *Id.* Plaintiff's Complaint simply does not contain enough factual allegations to meet the requirements of Civil Rule 8.

## CONCLUSION

Accordingly, this action is dismissed under 28 U.S.C. § 1915(e). This Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

March 22, 2011

3